**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**
**BENTON DIVISION**

| | | |
|---|---|---|
| ACUITY, a Mutual Insurance Company,<br><br>Plaintiff,<br><br>v.<br><br>Christopher Greater Area Rural Health Planning Corporation d/b/a Christopher Rea Clinic, Jacklyn M. Fitzpatrick, and Michael Hutchcraft,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No.: 26CV1433 |

**COMPLAINT FOR DECLARATORY JUDGMENT**

NOW COMES Plaintiff, ACUITY, a Mutual Insurance Company ("Acuity"), by and through its attorneys, Lindsay, Pickett & Postel, LLC, and for its Complaint for Declaratory Judgment against the Defendants, Christopher Greater Area Rural Health Planning Corporation d/b/a Christopher Rea Clinic, Jacklyn M. Fitzpatrick, and Michael Hutchcraft alleges as follows:

**Introduction**

1. In this action, Acuity seeks a declaration that it does not owe any duty to defend or indemnify Christopher Greater Area Rural Health Planning Corporation d/b/a Christopher Rea Clinic (the "Corporation") or Jacklyn M. Fitzpatrick ("Fitzpatrick") on a policy of insurance issued by Acuity to the Corporation with respect to an underlying lawsuit styled as *Michael Hutchcraft v. Christopher Greater Area Rural Health Planning Corporation d/b/a Christopher Rea Clinic and Jacklyn M. Fitzpatrick*, case no. 2026LA15 and currently pending in the Circuit Court of the 2nd Judicial Circuit, Franklin County, Illinois (the "underlying lawsuit"). That lawsuit alleges that, while the underlying plaintiff was a patient residing at the Corporation, Fitzpatrick used her position as his treater to begin an inappropriate sexual relationship with him. The underlying

lawsuit further alleges that the Corporation was aware of Fitzpatrick's predatory history and neither investigated reports of sexual abuse nor took any corrective action.

**The Parties**

2. Acuity is a mutual insurance company organized under the laws of the State of Wisconsin, with its principal place of business in Sheboygan, Wisconsin, duly licensed and authorized to issue policies in the State of Illinois. Acuity is a citizen of Wisconsin.

3. Christopher Greater Area Rural Health Planning Corporation, doing business as Christopher Rea Clinic, operated, managed, maintained, and controlled Christopher Rea Clinic and Benton Mental Health Wellness Center located in Franklin County, Illinois. Upon information and belief, the Corporation is incorporated under the laws of the State of Illinois, with its principal place of business in Christopher, Illinois, and is a citizen of Illinois.

4. Upon information and belief, Jacklyn M. Fitzpatrick is an Illinois citizen residing in Benton, Illinois.

5. Upon information and belief, Michael Hutchcraft is an Illinois citizen residing in Benton, Illinois. Hutchcraft is the plaintiff in the underlying lawsuit and is named as a defendant herein solely as an interested party so that he will be bound by any judgment entered in this action. Acuity seeks no affirmative relief against Hutchcraft.

**Jurisdiction and Venue**

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332(a)(1) because there is complete diversity of citizenship between Acuity, a citizen of Wisconsin, and each of the Defendants, all of whom are citizens of Illinois, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7. The amount in controversy exceeds $75,000. The underlying lawsuit seeks damages for physical and psychological injuries allegedly sustained over a period of years. The Policy carries limits of $1,000,000 Each Occurrence, and the value of the defense and potential indemnity obligations at issue in this action exceeds $75,000, exclusive of interest and costs.

8. This Court is authorized to grant declaratory relief pursuant to 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57.

9. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) and (b)(2) because all Defendants reside in this District and a substantial part of the events giving rise to this action occurred in this District, including the events alleged in the underlying lawsuit, which occurred at the Corporation's facilities in Franklin County, Illinois, and which are the subject of the underlying lawsuit pending in Franklin County.

## **The Underlying Lawsuit**

10. On March 19, 2026, Michael Hutchcraft filed a Complaint at Law against the Corporation and Fitzpatrick in the Circuit Court of the 2nd Judicial Circuit, Franklin County, Illinois, Case No. 2026LA15. A copy of the Complaint is attached hereto as **Exhibit A**.

11. The underlying lawsuit alleges two counts of violations of the Illinois Gender Violence Act, 740 ILCS 82/10: one count against the Corporation and one count against Fitzpatrick.

12. Specifically, the underlying lawsuit alleges that Michael Hutchcraft ("Hutchcraft") was a patient residing at the Corporation and receiving mental health services and treatment where Fitzpatrick was employed as a mental health technician and nurse practitioner.

13. The underlying lawsuit alleges that Fitzpatrick used her position of authority and took advantage of their therapeutic relationship to begin an inappropriate sexual relationship with

Hutchcraft, including repeated sexual activity and plying him with medication that altered his mental state and made him susceptible to her sexual desires.

14. The underlying lawsuit further alleges that Fitzpatrick's behavior was known to the Corporation, and that the Corporation continued to allow her unsupervised access to male patients despite prior complaints made by patients, and that the Corporation neither investigated those reports of sexual abuse nor took any corrective action.

## The Acuity Policy

15. Acuity issued Commercial General Liability Coverage Part Policy No. ZP6045 to Christopher Rural Health Planning Corporation as First Named Insured (the "Policy"). The Policy has been confirmed for three consecutive annual terms – 12-01-22 to 12-01-23, 12-01-23 to 12-01-24, and 12-01-24 to 12-01-25 – each carrying identical coverage forms, limits, and endorsements, including the endorsements discussed below. A true and correct copy of the Policy is attached hereto as **Exhibit B**.

16. The Policy insures, among other locations, 4241 State Highway 14, Christopher, Illinois (Christopher Rea Clinic) and 206 E. Church Street, Ste. B, Benton, Illinois (Benton Mental Health Wellness Center) – the two facilities identified in the Complaint.

17. Limits of insurance are $1,000,000 Each Occurrence, $3,000,000 General Aggregate, $3,000,000 Products-Completed Operations Aggregate, and $1,000,000 Personal and Advertising Injury.

18. The Policy provides, in relevant part, as follows:

**COMMERCIAL GENERAL LIABILITY COVERAGE FORM**

***

*SECTION I - COVERAGES*

**COVERAGE A - BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

**a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of *bodily injury*… to which this insurance applies….

**b.** This insurance applies to *bodily injury*… only if:

(1) The *bodily injury*… is caused by an *occurrence…;*

(2) The *bodily injury*… occurs during the policy period; and

(3) Prior to the policy period, no insured… and no *employee* authorized… to give or receive notice of an *occurrence* or claim, knew that the *bodily injury* or *property damage* had occurred, in whole or in part. If such a listed insured or authorized *employee* knew, prior to the policy period, that the *bodily injury*… occurred, then any continuation, change or resumption of such *bodily injury*… during or after the policy period will be deemed to have been known prior to the policy period.***

**d.** *Bodily injury*… will be deemed to have been known to have occurred at the earliest time when any… or any *employee* authorized… to give or receive notice of an *occurrence* or claim:***

(3) Becomes aware by any other means that *bodily injury*… has occurred or has begun to occur.***

**2. Exclusions**

This insurance does not apply to:

**a. Expected or Intended Injury**

*Bodily injury* or *property damage* expected or intended from the standpoint of the insured.

***

*SECTION II - WHO IS AN INSURED*

**1.** If you are designated in the Declarations as: ***

**d.** An organization other than a partnership, joint venture or limited liability company, you are an insured.***

**2.** Each of the following is also an insured:

> **a.** Your... *employees*... but only for acts within the scope of their employment by you or while performing duties related to the conduct of your business. However, none of these *employees*... are insureds for:
>
> **(1)** *Bodily injury* or *personal and advertising injury:****
>
> **(d)** Arising out of his or her providing or failing to provide professional health care services.***
>
> *SECTION V – DEFINITIONS*
>
> **3.** *"Bodily injury"* means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time**.*****
>
> **13.** *"Occurrence"* means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.
>
> ***

19. The Policy also includes several separate endorsements, three of which are particularly relevant. These provisions provide, in relevant part, as follows:

> *ABUSE OR MOLESTATION EXCLUSION CG-2146F(7-98)****
>
> This insurance does not apply to *bodily injury, property damage* or *personal and advertising injury* arising out of:
>
> **1.** The actual or threatened abuse or molestation by anyone of any person while in the care, custody or control of any insured; or
>
> **2.** The negligent:
>
> **a.** Employment;
>
> **b.** Investigation;
>
> **c.** Supervision;
>
> **d.** Reporting to the proper authorities or failure to so report; or
>
> **e.** Retention;
>
> of a person for whom any insured is or ever was legally responsible and whose conduct would be excluded by 1 above.

2.6355

***

*EXCLUSION – SERVICES FURNISHED BY HEALTH CARE PROVIDERS (CG-2244F(7-98))*

This insurance does not apply to 'bodily injury,' 'property damage' or 'personal and advertising injury' arising out of:

**1.** The rendering or failure to render:

**a.** Medical, surgical, dental, x-ray or nursing service, treatment, advice or instruction…;

**b.** Any health or therapeutic service, treatment, advice or instruction…. Schedule – Description of Operations: ALL HEALTH CARE OPERATIONS AND SERVICES PERFORMED AT YOUR LOCATIONS.

*ACUITY ENHANCEMENTS - GENERAL LIABILITY*

**J. Broadened Bodily Injury**
The Definition of *Bodily Injury* is amended to include mental anguish.

20. There may be other material provisions to the Acuity Policy and Acuity reserves the right to plead them in the future.

## Coverage Allegations
## COUNT I
## No Duty to Defend or Indemnify the Corporation under the Acuity Policy

21. Acuity restates and incorporates the allegations in paragraphs 1 through 20, as if set forth fully herein.

22. Acuity does not owe the Corporation a duty to defend or indemnify under the Policy for one or more of the following reasons, pleading hypothetically or in the alternative:

a. The underlying complaint does not allege "bodily injury" caused by an "occurrence."

b. Prior to the policy period, the Corporation knew that the "bodily injury" had occurred, in whole or in part, such that any continuation, change or resumption of

such "bodily injury" during or after the policy period is deemed to have been known prior to the policy period under Paragraphs 1.b.(3) and 1.d. of Coverage A, and coverage is further barred by the known-loss doctrine.

c. The underlying complaint does not allege that the "bodily injury" "occurred" "during the policy period."

d. The Abuse or Molestation Exclusion (CG-2146F(7-98)) applies.

e. The Health Care Services Exclusion (CG-2244F(7-98)) applies.

f. The Expected or Intended Injury Exclusion applies.

23. The above allegations are, on information and belief, denied by the Corporation, which in turn contends that the Acuity Policy provides coverage for the allegations of the underlying complaint. Acuity, in turn, denies contrary contentions of the Corporation.

24. By reason of the foregoing, an actual and justiciable controversy exists between Acuity, on one hand, and the Corporation, on the other, which may be determined by a judgment or order of this Court. Pursuant to the terms of the Declaratory Judgment Act, 28 U.S.C. 2201 *et seq.*, this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policies of insurance referred to herein and to adjudicate the final rights of all parties, and to give such other and further relief as may be necessary to enforce the same.

WHEREFORE, the Plaintiff, ACUITY, a Mutual Insurance Company, respectfully requests that this honorable court enter a declaratory judgment, pursuant to the Declaratory Judgment Act, 28 U.S.C. 2201 *et seq.*, finding and declaring that Acuity owes no duty to defend or indemnify Defendant, CHRISTOPHER GREATER AREA RURAL HEALTH PLANNING CORPORATION d/b/a Christopher Rea Clinic, under its policy, with respect to the underlying

complaint filed against it on behalf of MICHAEL HUTCHCRAFT, and further declaring that such declaration is binding upon Defendant, MICHAEL HUTCHCRAFT, and for such other and further relief as the court shall deem just.

**COUNT II**
**No Duty to Defend or Indemnify Jacklyn M. Fitzpatrick under the Acuity Policy**

25. Acuity restates and incorporates the allegations in paragraphs 1 through 20, as if set forth fully herein.

26. Acuity does not owe Fitzpatrick a duty to defend or indemnify under the Policy for one or more of the following reasons, pleading hypothetically or in the alternative:

a. The underlying complaint does not allege "bodily injury" caused by an "occurrence."

b. Prior to the policy period, the Corporation knew that the "bodily injury" had occurred, in whole or in part, such that any continuation, change or resumption of such "bodily injury" during or after the policy period is deemed to have been known prior to the policy period under Paragraphs 1.b.(3) and 1.d. of Coverage A, and coverage is further barred by the known-loss doctrine.

c. The underlying complaint does not allege that the "bodily injury" "occurred" "during the policy period."

d. The Abuse or Molestation Exclusion (CG-2146F(7-98)) applies.

e. The Health Care Services Exclusion (CG-2244F(7-98)) applies.

f. The Expected or Intended Injury Exclusion applies.

g. Fitzpatrick does not qualify as an insured for this claim.

2.6355

27. The above allegations are, on information and belief, denied by Fitzpatrick, who in turn contends that the Acuity Policy provides coverage for the allegations of the underlying complaint. Acuity, in turn, denies contrary contentions of Fitzpatrick.

28. By reason of the foregoing, an actual and justiciable controversy exists between Acuity, on one hand, and Fitzpatrick, on the other, which may be determined by a judgment or order of this Court. Pursuant to the terms of the Declaratory Judgment Act, 28 U.S.C. 2201 *et seq.*, this Court has the power to declare and adjudicate the rights and liabilities of the parties hereto under the terms and provisions of the policies of insurance referred to herein and to adjudicate the final rights of all parties, and to give such other and further relief as may be necessary to enforce the same.

WHEREFORE, the Plaintiff, ACUITY, a Mutual Insurance Company, respectfully requests that this honorable court enter a declaratory judgment, pursuant to the Declaratory Judgment Act, 28 U.S.C. 2201 *et seq*., finding and declaring that Acuity owes no duty to defend or indemnify Defendant, JACKLYN M. FITZPATRICK, under its policy, with respect to the underlying complaint filed against her on behalf of MICHAEL HUTCHCRAFT, and further declaring that such declaration is binding upon Defendant, MICHAEL HUTCHCRAFT, and for such other and further relief as the court shall deem just.

Respectfully submitted,
LINDSAY, PICKETT & POSTEL, LLC

By: */s/ Peter G. Syregelas*__________
One of the attorneys for Plaintiff, ACUITY, a Mutual Insurance Company

Peter G. Syregelas
psyregelas@lpplawfirm.com
312-970-5661
**Lindsay, Pickett & Postel, LLC**
200 W. Madison Street, Suite 3850
Chicago, IL 60606
Fax: (312) 629-1404